# Richmond

A. M. PRICHARD v. STATE HIGHWAY COMMISSIONER

OF VIRGINIA.

November 12, 1936.

Present, All the Justices.

The opinion states the case.

*Joseph I. Nachman,* for the plaintiff in error.

*Abram P. Staples, Attorney-General, D. Gardiner Tyler, Jr., Assistant Attorney-General,* and *John D. White,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This case is brought before us by writ of error to a judgment of the Circuit Court of Augusta county entered in a condemnation proceeding instituted by H. G. Shirley, State Highway Commissioner of Virginia, against A. M. Prichard.

The Highway Commissioner, pursuant to the provisions of section 1969j of the Code, as amended by Acts 1934, chapter 377, page 758, filed his petition alleging that plaintiff in error was the owner of a certain parcel of land in Augusta county on and along Route 11, in the State highway system; that a *bona fide* effort had been made to agree on terms of purchase with the owner, without success; that the land sought to be condemned "is wanted to be taken and used in the construction, reconstruction, alteration, maintenance and repair of said Route No. 11, Project No. 585 * * * ."

An answer was filed by Prichard which challenges the right to condemn, on the ground that the taking of his land was not necessary to satisfy the public convenience and necessity. It alleges that across the highway from the property of petitioner, and adjacent to the present route, the State owns other land now used by the Western State Hospital, which is available and should be used for the contemplated improvement. The motion of the commissioner to strike the defendant's answer was sustained by the trial court, on the ground that the question of necessity was legislative and not judicial and that the determination of the commissioner as to the location of the highway was binding upon the court. This action of the trial court constitutes the basic assignment of error.

Section 1969j of the Code, as amended, provides *inter alia* that, "Upon the return of the report of the commissioners or viewers appointed in such proceedings the sum ascertained thereby as compensation and damages, if any, to the property owners, may be paid to the person or persons entitled thereto, or for them into court or to the clerk thereof, upon which title to the property and rights condemned shall vest in the Commonwealth of Virginia in fee simple, or to such extent as may

be prayed for in petition, and the commissioner shall have the right to enter upon such construction upon or use of the property and rights condemned as may be authorized by said report, provided the right of appeal from or review of said report on exception thereto is hereby given to the property owner, or to the commissioner, to the circuit court, on the question only of damages or compensation."

In *State Highway Commissioner* v. *Kreger*, 128 Va. 203, 105 S. E. 217, 225, it was contended by the land owner that the alteration proposed was unnecessary and inexpedient.

In disposing of that contention the court said: "The position is taken in argument for the defendant in error that the alteration of the location of the road was unnecessary and inexpedient. But the use being public, and the action of establishing the location having been strictly in accordance with the statutory authority (and it is not claimed in the case before us that all of this is not true) and the statute not submitting it to the courts as a judicial question, the necessity or expediency of the location is a legislative question, the decision of which, without judicial review, has been delegated to the State Highway Commission by the statute which we have under consideration."

In *State Highway Commissioner* v. *Yorktown Ice & Storage Corporation*, 152 Va. 559, 147 S. E. 239, 241, it appears that the commissioner filed a petition under the provisions of section 1969j, Code 1924, to condemn a strip of land owned by the defendant and adjacent to the then existing highway. As was done in the *Kreger Case, supra,* the land owner contended that the necessity for said condemnation did not exist. In unequivocal language the doctrine announced in the *Kreger Case* was affirmed, the court saying:

"Section 1969j, Code 1924, gives the chairman of the commission the power of eminent domain for the purpose of 'construction, reconstruction, alteration, maintenance, and repair,' and in addition thereto for 'all purposes incident thereto.' He may, under the statute, determine the necessity for the condemnation and his decision as to such necessity is not subject to review by the courts.

"In *Bragg* v. *Weaver*, 251 U. S. 57, 58, 40 S. Ct. 62, 63, (64 L. Ed. 135), the court said: 'Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the State may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the case under the 14th Amendment.'

"The doctrine has been approved by this court in *State Highway Commissioner* v. *Kreger*, 128 Va. 203, 105 S. E. 217, where this is said: 'And the statute not submitting it to the courts as a judicial question, the necessity or expediency of the location is a legislative question, the decision of which, without judicial review, has been delegated to the State Highway Commission by the statute * * * under consideration.' "

In our opinion the instant case is ruled by the doctrine laid down in *State Highway Commissioner* v. *Kreger, supra*, and *State Highway Commissioner* v. *Yorktown Ice & Storage Corporation, supra*.

█ █ Our conclusion is that section 1969j delegates to the State Highway Commission the power to determine the necessity or expediency of the location of all highways under its dominion. There are other questions adverted to in the brief of counsel for the plaintiff in error but they are not relied upon as assignments of error in the petition for the writ of error and cannot be now considered.

We find no error in the judgment of the trial court.

*Affirmed.*