In re GEORGE F. NORD BLDG. CORPORATION.

KAUSAL v. GEORGE F. NORD BLDG. CORPORATION.

No. 7883.

Circuit Court of Appeals, Seventh Circuit.

June 25, 1942.

---

[4] Smith-Hurd Annot.Ill.Stat. Ch. 48, Sec. 247.

Wm. T. Chism and Harold V. Snyder, both of Chicago, Ill., for appellant.

John A. Bussian and Edward I. Debolt, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an appeal from an order of June 27, 1941 finding appellant guilty of contempt for violating an order issued by the District Court on June 11, 1940. The only questions presented are: did the court have jurisdiction to make the order which appellant violated, and was the order valid?

It appears from the record that in the reorganization of the debtor, George F. Nord Building Corporation, under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the court on January 23, 1939 entered its decree confirming the plan of reorganization. In the decree, the court made certain reservations of jurisdiction, including the following:

"The Court hereby expressly reserves jurisdiction of this cause * * * for the purpose of supervising and passing upon any and all other matters provided in said amended plan of reorganization, as amended by order of Court, and in this order, and for the purpose of taking such further action and entering such further and other orders as may be deemed necessary or advisable in connection with the carrying out of the terms and provisions of said amended plan of reorganization, as amended by order of Court, and terminating this cause." * * *

"That the Court hereby reserves full right, power, authority and jurisdiction to make from time to time such other and further orders amplifying, extending, limiting and otherwise modifying this order as to the Court at any time or times may seem proper."

On June 1, 1939 and in accordance with the decree, the assets of the debtor were conveyed to the 79th and Escanaba Corporation, organized to receive them.

On May 28, 1940 the trustee petitioned the court to enjoin appellant and others from communicating with the creditors of the debtor or the shareholders of the 79th and Escanaba Corporation, and for a rule upon appellant and others to show cause why they should not be held in contempt of court for violation of an order entered on December 3, 1937.[1]

The alleged violation consisted partly in solicitations made by appellant for powers of attorney and proxies. In his answer to this petition, appellant alleged that one of the directors of the 79th and Escanaba Corporation had also made solicitations for proxies.

On June 11, 1940 by consent of "all parties of record," the court dismissed the rule to show cause and ordered that: " * * * all persons be and they hereby are restrained and enjoined from sending any general written communication to the creditors of the Debtor or the shareholders of the 79th and Escanaba Corporation without first having such communications approved by this Court."

In the final decree entered on April 28, 1941, the court reserved jurisdiction to determine proceedings then pending against appellant for violation of the order of June 11, 1940; and on June 27, 1941 appellant was adjudged guilty of contempt of court.

Appellant contends that the order of June 11, 1940 was without the jurisdiction of the court, because the court did not in its decree of confirmation reserve such jurisdiction. Assuming that the order could not be made without a reservation of jurisdiction, we think the reservations made are broad

[1] The petition stated in part: "Your Trustee further shows that in order for him to properly and efficiently operate and manage the Debtor's property and estate, it is necessary that persons such as Benedict A. Kausal who have little or no interest in the Debtor's property and estate, should be restrained and enjoined from interfering with your Trustee's management and operation of the Debtor's property and estate and restrained and enjoined from sending or in any other manner communicating with the security holders of the Debtor or the 79th & Escanaba Corporation without first submitting and having the communication approved by this Court."

enough to include the injunction, which doubtless was made to protect the plan of reorganization. In re 4145 Broadway Hotel Co., 7 Cir., 100 F.2d 7, 9. Appellant has failed to support his argument that the order was inconsistent with the plan of reorganization.

■ Appellant's contention that the court lacked jurisdiction to enter the restraining order because the property of the debtor had passed to the new corporation is without merit. Section 77B, paragraph h,[2] of the Bankruptcy Act 11 U.S.C.A. § 207 sub. h stated: "Upon final confirmation of the plan, the debtor and other corporation or corporations organized or to be organized for the purpose of carrying out the plan, shall have full power and authority to, and shall put into effect and carry out the plan and the orders of the judge relative thereto, under and subject to the supervision and control of the judge, * * *."

It seems to us quite clear that the District Court had jurisdiction to enter the order of June 11, 1940, and it properly reserved jurisdiction in the final decree to settle the pending charge of contempt which terminated in the order of June 27, 1941 finding the appellant guilty of contempt and being the order appealed from.

■ Since the District Court had jurisdiction to enter the order of June 11, 1940 and this order was entered in a proceeding to which appellant was a party and appellant consented to the entry of such order, he is not now in a position to question that order. In re 4145 Broadway Hotel Co., supra, 100 F.2d 7, 9.

■ The appellant has also contended that the restraining order is void because it violates the right of free speech. Considered as an order prohibiting appellant from interfering with the plan of reorganization, the order, under the authorities, was valid. In re Glen Sheridan Realty Trust, 7 Cir., 90 F.2d 466; In re Schroeder Hotel Co., 7 Cir., 86 F.2d 491. See, also, In re 4145 Broadway Hotel Co., supra.

■ Furthermore, the right of free speech guaranteed by the Constitution of the United States, Amend 1, and the Constitution of Illinois, Smith-Hurd Stats., art. 2, § 4, is not an absolute right. It is a relative right that may be modified in its interplay with the rights of others, and it may be waived by the party for whose benefit it was intended. In re Schroeder Hotel Co., supra, 86 F.2d 491, 494. Certainly, one who has been a party to a proceeding wherein a consent decree has been entered and who has been a party to that consent, is in no position to claim that such decree restricts his freedom of speech. He has waived his right and given his consent to its limitations within the scope of that decree.

■ Appellant emphasizes, however, that the order ran against "all persons"; that it concerned any general written communication; and that no time limit was set.

The inclusion of "all persons" in restraining orders in similar proceedings has been approved. Converse v. Highway Const. Co., 6 Cir., 107 F.2d 127, 127 A.L.R. 860; In re 333 North Michigan Ave. Bldg. Corporation, 7 Cir., 84 F.2d 936, 943, certiorari denied Rothfeld v. 333 North Michigan Ave. Bldg. Corp., 299 U.S. 602, 57 S.Ct. 194, 81 L.Ed. 444.

The time limit argument fails to impress us. The order by its terms was to be in effect until "further order" of the court, and it does not purport to be permanent. Cf. Dealtry v. Posse School, 1 Cir., 100 F.2d 470, 473.

As far as the phrase "general written communications" is concerned, a study of the pleadings which led to the order shows that the order referred to communications relating to the reorganization, not to irrelevant communications. Surely the lower court did not intend to enter a ridiculous order, but rather an order designed to protect the plan of reorganization.

■ We are not here concerned with the case of one not a party to the record; nor with a communication not related to the reorganization; nor with a communication delivered after a final decree had been entered. We are concerned with a party of record, against whom a proper restraining order might lawfully be directed. The communication which the District Court found to be in violation of the order is not in the record, and we must assume that it was one which would interfere with the reorganization. The interdicted communication was sent before the final decree, which expressly terminated the restraining order, was entered.

■ Insofar as appellant relies upon the broad language of the order—as opposed to

---

[2] Cf. 11 U.S.C.A. § 627.

the nature of the order—to show its invalidity, he is precluded from raising a question as to its constitutionality. It is a fundamental principle that one seeking to raise a constitutional question must show that he is injured by the allegedly unconstitutional statute, or order. Premier-Pabst Sales Co. v. Grosscup, 298 U.S. 226, 56 S.Ct. 754, 80 L. Ed. 1155; Heald v. District of Columbia, 259 U.S. 114, 123, 42 S.Ct. 434, 66 L.Ed. 852.

How has appellant been injured by the broad language of the order? If the order had been directed against appellant alone, if the order had prohibited communications tending to disrupt the reorganization, and if the order had been limited in time to the date of entry of the final decree, appellant would yet have been guilty of contempt. He is in no worse position because the order was couched in broader terms.

The order of the District Court is affirmed.