# Richmond

BERNARD B. BAILEY v. J. A. ANDERSON, STATE HIGHWAY COMMISSIONER, ET AL.

December 6, 1943.

Record No. 2708.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Hugh B. Marsh* and *Frank L. Ball*, for the appellant.

*Abram P. Staples, Attorney General,* and *Walter E. Rogers, Assistant Attorney General,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

This is a suit in equity filed by Bernard B. Bailey against J. A. Anderson, State Highway Commissioner, and others, seeking to restrain the construction of a State highway through the complainant's property. The lower court sustained a demurrer to the bill, hence this appeal.

The facts alleged in the bill of complaint, and admitted by the demurrer to be true, are as follows:

The appellant, the complainant below, owns a grist mill in Fairfax county which is operated by water power sup-

plied by a mill race. The mill race derives its water from a stream known as "Colvin Run," and runs in a winding course along the foot of a hill. In the summer of 1941 the State Highway Department planned to make a change in State Highway No. 7 so that it would cross the mill race and run through a deep cut to be excavated through the adjacent hill. The water in the mill race was to be carried under the highway, for a distance of from ninety to one hundred feet, through large cement pipes.

The appellant expressed to the proper officials of the Highway Department his objections to this plan, pointing out that due to the contour of the land and the drainage of rain water into the mill race, it was likely that the proposed pipes under the highway would frequently become clogged by dirt and debris; that it would be exceedingly difficult, if not impossible, to keep them clean; and that eventually this would result in a complete breakdown of the race and a permanent stoppage of the operation of the mill. He insisted that the plan should be changed and the highway relocated so as to avoid this situation. Despite several conferences the appellant was unable to impress the highway engineers with the gravity of his objections to the proposed plan.

Finally, the State Highway Department, proceeding under the statute (Acts 1940, ch. 380, p. 666; Michie's Code of 1942, sec. 1969j(1)ff.), after notice to the appellant, and after filing the required certificate of deposit with the clerk of the Circuit Court of Fairfax county, entered upon the property and proceeded with the construction of the highway as planned. Thereupon the present suit was instituted.

The first contention of the appellant is that an acceptable highway, suitable for modern, heavy traffic, can be constructed by a relocation of the road without affecting his property, and that the Highway Commissioner's action in not doing so was "arbitrary" and "not based on a fair and careful investigation of all relevant facts." The allegations in the bill, however, do not sustain this contention. On the contrary they show that the appellant had several confer-

ences with the engineers of the State Highway Department, at which his suggestions were discussed, considered and rejected by the engineers as being unsatisfactory. There is nothing to show that the engineers' conduct was arbitrary or that their conclusion was arrived at without a fair appraisal of all of the surrounding conditions.

This court has several times held that the necessity and expediency of the location of a State highway is a legislative question which the General Assembly has delegated to the State Highway Commissioner, and that his decision is not subject to judicial review. See *State Highway Com'r* v. *Kreger,* 128 Va. 203, 226, 227, 105 S. E. 217, 225; *State Highway Com'r* v. *Yorktown Ice, etc., Corp.,* 152 Va. 559, 566, 567, 147 S. E. 239, 241; *Prichard* v. *State Highway Com'r,* 167 Va. 219, 221, 222, 188 S. E. 166, 167, 168. See also, *Bragg* v. *Weaver,* 251 U. S. 57, 58, 40 S. Ct. 62, 63, 64 L. Ed. 135. This principle applies here.

The appellant next contends that his property, being a grist mill, is not subject to condemnation for highway purposes, because, he says, it is devoted to a public use, and the statute (Acts 1940, ch. 380, p. 666, sec. 1; Michie's Code of 1942, sec. 1969j(1) ), which vests the State Highway Commissioner with the power of eminent domain, does not expressly or impliedly authorize him to condemn property devoted to a public use.

It is true that ordinarily power to condemn property devoted to a public use must be manifested either by express legislative authority or by necessary implication (*Richmond, etc., R. Co.* v. *Johnston,* 103 Va. 456, 464, 49 S. E. 496; 18 Am. Jur., Eminent Domain, sec. 98, pp. 723-4), but there is considerable authority for the view, advanced by the Attorney General, that this principle does not apply where the power of eminent domain is being exercised by the sovereign itself, such as the State or Federal government, for its immediate purposes, rather than by a public service corporation or a municipality. See 29 C. J. S., Eminent Domain, sec. 74, p. 862, and authorities there cited. However, it is unnecessary that we express an opinion

on this phase of the subject because it is clear that the appellant's property is not devoted to a public use within the meaning of the rule which he seeks to invoke.

In 18 Am. Jur., Eminent Domain, sec. 94, p. 720, it is said: "To exempt property from condemnation under a general grant of the power of eminent domain, it is not enough that it has been voluntarily devoted by its owner to a public or semi-public use. If the use by the public is permissive and may be abandoned at any time, the property is not so held as to be exempt. The test of whether or not property has been devoted to public use is what the owner must do, not what he may choose to do."

See also, Lewis, Eminent Domain, 3d Ed., sec. 445; *New York, etc., R. Co.* v. *Union Steamboat Co.*, 99 N. Y. 12, 1 N. E. 27; *Diamond Jo Line Steamers* v. *Davenport*, 114 Iowa 432, 87 N. W. 399, 54 L. R. A. 859; *Vermont Hydro-Electric Corp.* v. *Dunn*, 95 Vt. 144, 112 A. 223, 12 A. L. R. 1495; *East Bay Municipal Utility Dist.* v. *Lodi*, 120 Cal. App. 740, 6 P. (2d) 325, 8 P. (2d) 532; *State* v. *Superior Court*, 54 Wash. 365, 103 P. 469, 104 P. 175.

In *Vermont Hydro-Electric Corp.* v. *Dunn, supra* (112 A., at page 226), it is said: "But a mere voluntary assumption of public service which may be abandoned at any time does not carry with it the privilege of exemption. The test whether land is held for a public use such as will exempt it from condemnation is said not to be what the owner does or may choose to do, but what under the law he must do, and whether a public trust is impressed upon it."

While in this State a grist mill may be affected with a public interest, and so long as it remains in operation it must serve the public in a manner which is regulated to some extent by statute (Code, sec. 3594, as amended by Acts 1920, ch. 386, p. 574; Acts 1932, ch. 421, p. 886; Code, sec. 3595), there is no obligation on the owner to continue such operation. He may at any time devote his property to an entirely different use or sell or otherwise dispose of it. In other words, such public service as he performs is purely voluntary and may be abandoned at any time by him.

In our opinion the State Highway Commissioner clearly has the power to condemn the property in question.

The final contention of the appellant is that that part of the statute (Acts 1940, ch. 380, p. 666, sec. 4; Michie's Code of 1942, sec. 1969j(4) ) which authorizes the Highway Commissioner to enter upon and take possession of the property, and "within sixty days after the completion of the construction of such highway", to institute condemnation proceedings to acquire title to the property so taken, violates the due process clause of the Fourteenth Amendment to the Federal Constitution and the due process clause of section 58 of the Constitution of Virginia.

Specifically, the contention is, that the statute does not authorize the institution of condemnation proceedings until sixty days after the completion of the construction of the highway; that such construction might be indefinitely delayed; and that consequently the property owner might be unreasonably delayed in being compensated for the taking of his property or the damage done thereto. See *Bragg* v. *Weaver, supra; McGibson* v. *Roane County Court,* 95 W. Va. 338, 121 S. E. 99; *Simms* v. *Dillon,* 119 W. Va. 284, 193 S. E. 331, 113 A. L. R. 787.

We find it unnecessary to pass upon this contention. It is stated in the brief of the Attorney General, and not denied by the appellant, that since the present proceeding has been pending in this court the highway has been completed and condemnation proceedings to acquire title to the appellant's property have been instituted. By consent of both sides. such condemnation proceedings were delayed in the lower court pending the determination by us, in the present appeal, of the right of the State Highway Commissioner to condemn the property in question. Since we are of opinion, for the reasons stated, that such property is subject to condemnation for State highway purposes, the appellant is now afforded a prompt remedy in such proceedings for obtaining just compensation for his property taken or damaged. It is unnecessary, then, for us to decide what would have been his rights if the payment of such compen-

sation had been unreasonably delayed. Nor does it concern him that the statute complained of might violate the rights of others. Unless he can show that he has been damaged by the operation of the statute, the constitutional question which he seeks to raise is moot as to him. See *Grosso* v. *Commonwealth*, 177 Va. 830, 839, 13 S. E. (2d) 285, 288; *Morgan* v. *Commonwealth*, 168 Va. 731, 737, 191 S. E. 791, 793, 111 A. L. R. 62; *Premier-Pabst Sales Co.* v. *Grosscup*, 298 U. S. 226, 227, 56 S. Ct. 754, 755, 80 L. Ed. 1155.

We find no error in the decree appealed from, and it is

*Affirmed.*