**MIDWEST BEVERAGE CO., Inc., v. GATES,**
Governor, et al.

No. 569.

*District Court, N. D. Indiana,*
South Bend Division.

July 18, 1945.

Thomas V. Happer, of Elkhart, Ind., Earl R. Cox, Thomas E. Garvin, C. Gale Graber, and Philip Lutz, all of Indianapolis, Ind., and Ben Scifres, of Lebanon, Ind., for plaintiff.

W. O. Hughes, of Fort Wayne, Ind., and White, Wright & Boleman and McHale, Arthur, Myers & Patrick, all of Indianapolis, Ind., and James A. Emmert, Atty. Gen., for defendants.

Before EVANS and MAJOR, Circuit Judges, and SWYGERT, District Judge.

SWYGERT, District Judge.

This is an action which seeks an interlocutory and permanent injunction to enjoin the defendants from enforcing certain provisions of an Act of the 1945 General Assembly of the State of Indiana. The particular sections about which the plaintiff complains are found in the footnote.[1]

The plaintiff is the holder of a beer wholesaler permit issued pursuant to the provisions of a 1941 statute enacted by the Indiana Legislature concerning the sale of alcoholic beverages. Indiana Acts 1941, Chapter 237, Section 3. This section provides in substance that any person desiring to sell alcoholic beverages at wholesale shall apply to the Alcoholic Beverage Commission of Indiana (this agency was abolished by the 1945 law and a new one, the Indiana Alcoholic Beverage Commission, created); that no wholesaler's permit shall be granted unless the applicant shall have been a continuous resident of the state for at least five years; that he shall have available for investment in his wholesale business at least $3,500; that he shall not have been convicted of a felony within two years preceding the application; that he shall have no interest in any manufacturer's or retailer's or any other wholesaler's permit, and that if the applicant is a partnership, an unincorporated association or a cor-

---

[1] "Sec. 11. No person shall be deemed to have any property right in any beer wholesaler's permit, beer retailer's permit, beer dealer's permit, liquor wholesaler's permit, liquor retailer's permit, liquor dealer's permit, wine wholesaler's permit, wine retailer's permit, or wine dealer's permit, nor shall said permit itself or the enjoyment thereof be considered a property right, and the same shall be issued, suspended or revoked in the absolute discretion and judgment of the commission, and no court shall have jurisdiction of any action, either at law or in equity, to compel the issuance of any such permit, or to revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission suspending or revoking any such permit, and the consent of the sovereign State of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity. All such permits heretofore issued before the effective date of this Act shall terminate, become null and void one (1) year, including the date on which the same may be issued, after the time of issuance, whether the same be issued pursuant to law, rule or regulation, or otherwise. All such permits issued by the commission shall be in force for one (1) calendar year only, including the day upon which the same is granted, and at the expiration of said year, such permits shall be fully expired, null and void.

"Sec. 11½. Notwithstanding any provisions of Section 11 of this act, all beer wholesalers permits issued prior to April 1, 1945, are hereby cancelled, declared null and void and of no force and effect on and after May 1, 1945, and no court shall have jurisdiction of any action, either at law or in equity, to enjoin or make any order or judgment suspending or abating said cancellation or awarding damages or a money judgment, except for the pro rata refund herein provided, and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either in law or equity.

"The commission shall allow any such permittee a pro rata refund for the days after April 30, 1945, until the end of the year for which said permit was issued, said refund to be paid from the general fund of the state after presentation of a verified claim by the permittee and approved by the chairman of the commission. Provided, however, the commission may in its absolute discretion issue temporary beer wholesalers' permits (and successive permits) for thirty (30) days each, upon payment of one-twelfth (1/12th) of the fee of an annual wholesalers' permit."

poration, that the members or stockholders thereof shall have the same qualifications as an individual applicant, excepting that at least one of the stockholders shall be a resident of the county where the warehouse is located at least one year immediately preceding the application.

The section further provides that the permits shall be renewed annually upon the payment of an annual fee and the giving of bond for as long as the permittee shall be qualified, and that the commission shall not deny or renew a permit on arbitrary, capricious or political grounds; further, that an applicant has the right to appeal from a refusal to renew a permit to the Superior Court of Marion County in the same manner as provided for appeals covering the suspension or revocation of permits.

The plaintiff's permit was issued for one year and would expire November 16, 1945, except for the statute under attack. The plaintiff alleges in its complaint that by virtue of its permit it has made a large financial investment, employed labor, purchased trucks and other equipment, and has on hand a large stock of beer.

At the time plaintiff's permit was issued, there were certain provisions in the Indiana law covering the revocation of beer wholesaler permits. The pertinent parts of these provisions read as follows, to-wit:

"If the commission shall determine not to grant or renew a permit of any applicant for a manufacturer's or wholesaler's permit, or shall determine to take action to revoke any such permit after it has been issued, notice of its proposed action shall be given to the applicant or permittee, as provided in Sec. 6, Chapter 226, Acts of the Indiana General Assembly, 1935, as amended by Sec. 2, Chapter 197, of the Acts of the Indiana General Assembly, 1937, and such applicant or permittee shall be granted a public hearing at the time and place fixed in the notice, and shall be permitted to be heard and to offer evidence. * * *

"Within ten (10) days after such hearing, the commission shall take final action and enter such order as it shall determine in said proceedings and shall notify the applicant or permittee. * * * Such applicant or permittee, may, within ten (10) days of the receipt of such notice, appeal to the circuit or superior court of Marion county, from an order of the commission denying or revoking such permit * * *." Acts 1939 c. 30, § 7.

Although the plaintiff in its complaint charges that both Sections 11 and 11½ of Chapter 237 of the Acts of the General Assembly of 1945 are unconstitutional, it limits this charge in its brief to Section 11½ and contends that it is unconstitutional for the reason that it is "an act of the legislature which is arbitrary, capricious and has no discernible relation to the police powers vested in the legislature by the constitution of the State of Indiana." The underlying basis for this contention is that this statute deprives the plaintiff of its property rights without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

Upon application to the District Court at the time the complaint was filed, a temporary restraining order was granted enjoining the defendant, Indiana Alcoholic Beverage Commission, from enforcing this provision of the law as applied to the plaintiff. Thereafter and pursuant to Section 380 of Title 28 United States Code Annotated, a three-judge court was constituted to hear the application for an interlocutory and permanent injunction. At that time the temporary restraining order was continued until the matter could be disposed of by the court.

At the hearing for the interlocutory and permanent injunction, the officials of the State of Indiana who are named defendants filed a motion to dismiss, which attacks the jurisdiction of the court to hear this cause on the grounds that (1) no property rights of the plaintiff are involved and therefore the court has no equitable jurisdiction to grant an injunction and (2) the plaintiff's cause of action, if any, is against the State of Indiana, rather than its officials, hence forbidden by the Eleventh Amendment to the Federal Constitution.

 It long has been settled and is now firmly established that the state has the absolute right to regulate or prohibit traffic in intoxicating liquor and that this right stems from the power of the state to regulate the health, morals and safety of its inhabitants. Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205; Crane v. Campbell, 245 U.S. 304, 38 S.Ct. 98, 62 L.Ed. 304; Fry et al. v. Rosen, 207 Ind. 409, 189 N.E. 375. One who sells alcoholic beverages under a permit or license issued

by the state or a subdivision thereof does so by virtue of an exercise of the state's power in that field. Moore v. Indianapolis, 120 Ind. 483, 22 N.E. 424.

While a permit or license as such may not be property, the use and enjoyment of it may give to its possessor something that is valuable and which has all the qualities of property. State v. Corron, 73 N.H. 434, 62 A. 1044, 6 Ann.Cas. 486. While it is true that the law under which the plaintiff's license was issued provides (section 2), "that no person shall be deemed to have a property right in any permit issued hereunder, nor shall said permit itself or the enjoinment (sic) thereof be considered a property right"—the Indiana law also provides that an administrator or executor of an estate of a deceased permit holder may continue the business conducted by the deceased under the permit, that likewise any receiver or trustee in bankruptcy of a permit holder may continue the business conducted by the permittee, and that transfers of permits from one holder to another may be made under terms and regulations prescribed by the commission. The source of the permit is the police power. It is a part of the police system of the state and there can be no vested right in the permit because no binding limitation can be placed on the exercise of the police power through legislative action. Moore v. Indianapolis, supra. On the other hand the use of the permit, once granted, has the elements of property irrespective of what the Legislature may declare about the permit itself, and except for the omnipresent and unlimited power of the state to revoke or modify the terms of the permit in the interest of the public welfare, the use of such permit, if not the permit itself, is property within the meaning of the due process clause of the Federal Constitution.

It is now a settled principle of law that a license to sell alcoholic beverages can be revoked by the state Legislature at any time through the valid exercise of its police power. Mugler v. Kansas, supra; Premier-Pabst Sales Co. v. Grosscup, 298 U.S. 226, 56 S.Ct. 754, 80 L.Ed. 1155; Mahoney v. Triner Corp., 304 U.S. 401, 58 S.Ct. 952, 82 L.Ed. 1424; Moore v. Indianapolis, supra; Gordon v. Corning, 174 Ind. 337, 92 N.E. 59. The plaintiff does not contend otherwise.

Its contention as we understand it is this: The plaintiff had a permit to sell beer at wholesale which would expire November 15, 1945; the law under which it was issued permitted annual renewals; in order to secure its permit it had to meet certain requirements; under the law existing when its permit was issued the permit could not be revoked except for cause by the Alcoholic Beverage Commission after notice and hearing and any such revocation could be reviewed by the court; that the 1945 law revoking the plaintiff's permit did not change the basic policy of selling and distributing alcoholic beverages in Indiana nor did it impose any new or different standards for beer wholesalers than was required by the law under which the permit was issued; finally, that the change in the law bears no relationship to the public welfare of the state but is a method provided by the Legislature whereby a change in the personnel of the holders of beer wholesaler permits may be effected. In other words, the plaintiff contends that under the guise of exercising the police power of the state, the Indiana Legislature has arbitrarily revoked its permit and thereby has deprived it of property without due process of law.

The Legislature's determination that its acts are a proper exercise of its police power is always subject to the scrutiny of the courts and legislation will not be sustained if its sole excuse is the exercise of the police power when such power is abused or where there is no relation between the purported basis for the legislation and the enactment. Stated differently, the Legislature cannot use the police power as a subterfuge to do something that it otherwise could not do in the infringement of private interests or the restraint of private rights. On the other hand, if the legislative act is within the permitted area and has some relation to the health, morals, safety or welfare of the public, it is not for the courts to question the policy or wisdom of the statute.

Unquestionably the state Legislature has the right to pass regulations covering the sale and distribution of alcoholic beverages. It has the power to prohibit entirely; anything less by restrictive regulation is within that power. Despite the provisions of the 1945 law which does not change the basic system of the sale of alcoholic beverages in Indiana, which add only two additional and somewhat duplicative qualifications for beer wholesale distributors, and which in effect permits all liquor and alcoholic beverages permits to

continue until terminated under the provisions of the law of their issuance except beer wholesaler permits, these provisions have to do with the regulation of the sale of intoxicating liquors and alcoholic beverages within the state. Their reasonableness is not a subject of our inquiry. Moreover, we cannot look into the reason for their enactment. These are matters of policy to be determined solely by the Indiana Legislature. Fry v. Rosen, supra. To sustain the plaintiff's contention that the 1945 law is arbitrary and has no discernible relation with the police power would require us to hold that the legislative enactment by nature of its own provisions clearly and unquestionably indicates that the police power of the state is only a guise for the accomplishment of purposes outside that field. We do not so hold because if the Legislature acts within the permitted area the policy and wisdom of or reason for the enactment cannot be our concern.

■ The fact that one group of permit holders have had their permits revoked before the permits would have expired by the provisions of the law under which they were issued, and also the fact that permits are authorized to be issued under the new law to applicants who are required to have only slightly different qualifications than those required theretofore, are matters solely of policy.

It may be, as alleged, that Section 11½ evidences a legislative means to accomplish an arbitrary discrimination solely for partisan political purposes. Yet we cannot so assume, nor pass judgment upon legislative motives and thus strike down this section. If such motives as are claimed be the genesis of a legislative act it is always possible for those charged with administrative duties to rise above such motives and reflect credit on themselves and their state. For that reason we cannot restrict the power of the Legislature to enact so called regulatory measures having to do with the sale of intoxicating liquors even though the purpose to give effect to such motives under the guise of the police power was even clearer than is claimed in the instant case.

Restraint of legislation purporting to be an exercise of the police power is limited to legislative acts which have no reasonable relation to the health, morals or welfare of the citizens as a whole. As already stated, regulatory measures covering the sale of intoxicating liquors are well within the perimeter of the state's police power. Reasons or motives other than for the public welfare cannot be presumed or made the subject of inquiry by a court which passes upon the question of whether the Legislature has gone beyond the limits of its power. Its only concern is the authority to act, not why it acts. The wisdom of the law or its expediency are matters for the Legislature itself to determine. Ultimately, of course, they are matters for the citizens of the state themselves.

■ We are of the opinion that the case comes within the ambit of Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764, in connection with whether the Eleventh Amendment bars the action.

Accordingly and for the reasons stated, the application for an interlocutory and permanent injunction is denied and the temporary restraining order is dissolved.