## Richmond

THEODORE THOMAS DeFEBIO, AN INFANT, &c., ET AL. v. THE
COUNTY SCHOOL BOARD OF FAIRFAX COUNTY, ET AL.

December 2, 1957.

Record No. 4753.

Present, All the Justices.

The opinion states the case.

*Albert 1. Kassabian (C. Douglas Adams, Jr.; Adams & Kassabian,* on brief), for the petitioners.

*R. D. McIlwaine, III, Assistant Attorney General (J. Lindsay Almond, Jr., Attorney General; Kenneth C. Patty, Assistant Attorney General; John C. Wood; Wood, Brault & Testerman,* on brief), for the respondents.

HUDGINS, C. J., delivered the opinion of the court.

On January 19, 1957, Theo T. DeFebio and her two children, Theodore Thomas DeFebio, 14 years of age, and Dominick Nicholas DeFebio, 9 years of age, became residents of Fairfax county, Virginia. Subsequently, on the request of the mother, her two sons were permitted by local school authorities to attend, on a temporary basis subject to being officially assigned by the Pupil Placement Board, public schools in Fairfax county. The older son was admitted to the Mount Vernon High School and the other son to the Hollin Hall Elementary School. Despite repeated requests made by the school authorities, Mrs. DeFebio refused to execute and file for her sons "application for placement of pupil" forms as required by Chapter 70, Acts of Assembly, Extra Session (1956), Code, §§ 22-232.1, *et seq.* Because of this refusal permission for the two children to attend the named schools was withdrawn.

Thereafter, Mrs. DeFebio and her two sons filed in this Court a petition for a writ of mandamus praying that the County School Board of Fairfax County, the Division Superintendent of Schools of Fairfax County, the Principals of Mount Vernon High School and Hollin Hall Elementary School of Fairfax County, the President and Members of the State Board of Education and the Superintendent of Public Instruction be compelled to reinstate the two children in the schools, notwithstanding Mrs. DeFebio's refusal to execute the application for placement of pupil.

Petitioners contend that § 133 of the Virginia Constitution vests the power of enrollment or placement of pupils in public schools exclusively in local school boards, and that the legislature is thereby prohibited from vesting such power in the Pupil Placement Board or any other body.

The legislature functions under no grant of power. It is the supreme law making body of the Commonwealth, and has the in-

herent power to enact any law not in conflict with, or prohibited by, the State or Federal Constitutions. Section 133 of the Virginia Constitution, while vesting "supervision" of public schools in local school boards, does not define the powers and duties involved in that supervision. The general power to supervise does not necessarily include the right to designate the individuals over whom supervision is to be exercised. If the legislature deems it advisable to vest the power of enrollment or placement of pupils in an authority other than the local school boards, it may do so without depriving such local school boards of any express or implied constitutional power of supervision.

Petitioners' second contention is that their rights under the Fourteenth Amendment to the Constitution of the United States are infringed by the requirement that the parent execute and file the application for placement of pupil forms. In support of this contention, they cite numerous federal cases on integration of public schools, including *Brown* v. *Board of Education*, 347 U. S. 483, 74 S. Ct. 686, 98 L. ed. 873, 38 A. L. R. 2d 1180, 349 U. S. 294, 75 S. Ct. 753, 99 L. ed. 1083; *Atkins* v. *School Board of Newport News*, 148 F. Supp. 430, *aff'd*, 4 Cir., 246 F. 2d 325, *cert. den.*, 355 U. S. 855, 78 S. Ct. 83, 2 L. ed. 2d 63.

None of these authorities is relevant to, or determinative of, the issue presented by the facts in this case. Petitioners are members of the Caucasian race, and the mother desires her children to attend schools in which only the members of that race are enrolled. The issue here is quite narrow. It involves no broad constitutional question of racial discrimination. The only issue presented is whether, as a prerequisite to the admission of her children to the public schools, Mrs. DeFebio may be required to execute an application in which the only information sought is: (1) Name, address, date of birth, sex, condition of health, physical or mental disabilities, and particular aptitudes of the child; (2) name and address of school the child last attended, his grade and years in school, and (3) name and location of any school in Virginia in which any other child of applicant is enrolled.

There is nothing in such requirement that violates any of petitioners' constitutional or other legal rights. Indeed, the information sought could have been required by the school authorities without a specific act of the General Assembly. There is nothing in the record tending to show that the enforcement of the statute as to the petitioners will result in the children being denied admission to any

school which they may be entitled to attend, or that they will thereby be required to attend any school to which they should not be admitted.

It is a fundamental principle of constitutional law, firmly supported by both Federal and State authorities, that a person who challenges the constitutionality of a state statute has the burden of proving that he himself has been injured or is threatened with injury by its enforcement. In other words, a person whose rights are not infringed by enforcement of a state statute can not successfully attack its constitutionality. It avails him nothing to point out that some other person might conceivably be discriminated against. "One who would strike down a state statute as obnoxious to the Federal Constitution must show that the alleged unconstitutional feature injures him." *Premier-Pabst Sales Co.* v. *Grosscup*, 298 U. S. 226, 227, 56 S. Ct. 754, 755, 80 L. ed. 1155; *Barrows* v. *Jackson*, 346 U.S. 249, 73 S. Ct. 1031, 97 L. ed. 1586; *Morgan* v. *Commonwealth*, 168 Va. 731, 191 S. E. 791, 111 A. L. R. 62; *Grosso* v. *Commonwealth*, 177 Va. 830, 13 S. E. 2d 285; *Bailey* v. *Anderson*, 182 Va. 70, 27 S. E. 2d 914; *Avery* v. *Beale*, 195 Va. 690, 80 S. E. 2d 584; 11 Am. Jur., Constitutional Law, § 111 *et seq.*, p. 748 *et seq.*; 16 C. J. S., Constitutional Law, § 76 *et seq.*, p. 226 *et seq.*

For the reasons stated the writ of mandamus must be denied.

*Writ denied.*