## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

C. E. Darnell, Division Superintendent,
Clifton Forge Public Schools

v.

School Board of the City of Clifton Forge

March 21, 1979

Case No. 1808

By JUDGE ROSCOE B. STEPHENSON, JR.

The question for decision in this case is whether the local school board is given the authority to remove its superintendent by the Virginia Constitution.

The Superintendent contends that this authority has not been granted by the Constitution, that the office of Superintendent of Schools was created by the General Assembly, that the General Assembly has the power, therefore, to provide the method for his removal from office, and that the method has been so provided by Code § 22-40,[1] or, in the alternative, by Code Section 24.1-79.1, *et seq.*

The school board contends that it has the authority to remove its superintendent by virtue of Article VIII, Section 7, of the Virginia Constitution[2] which vests

---

[1] "22-40. Punishment of Division Superintendents. The State Board shall punish division superintendents of schools for neglect of duty, or for any official misconduct, by reasonable fines, to be deducted from their pay, by suspension from office for a limited period, or by removal from office."

[2] "Section 7. School Boards. The supervision of schools in each school division shall be vested in a school board, to be composed of members selected in the manner, for the term, possessing the qualifictions, and to the number provided by law."

in the local school boards the power and duty to supervise its schools.

Let me say at the outset that I do not think Code Section 24.1-79.1, *et seq.*, is applicable to superintendents of schools.

Neither the General Assembly nor the State Board of Education has the power to divest a local school board of a function essential and indispensable to its Section 7 power of supervision. *School Board* v. *Parham*, 218 Va. 950, 243 S.E.2d 468 (1978); *Howard* v. *School Board*, 203 Va. 55, 122 S.E.2d 891 (1961). Conversely, if no legitimate claim can be made that a legislative enactment deprives a school board of power indispensable to the discharge of this constitutional mandate to supervise its schools, such legislation is valid. *DeFebio* v. *County Board*, 199 Va. 511, 100 S.E.2d 760 (1957). Local boards derive their powers from either the constitution or statutes, and these powers are limited to those conferred expressly, those necessarily or fairly implied therefrom, "and those that are essential and indispensable." *Commonwealth* v. *County Board*, 217 Va. 558, 232 S.E.2d 30 (1977); *Board of Supervisors* v. *Horne*, 216 Va. 113, 215 S.E.2d 453 (1975).

It is true that if a superintendent of schools is guilty of neglect of duty or of misconduct he may be punished by the State Board of Education, and that one mode of punishment is "by removal from office." Code Section 22-40. But this statute does not imply that a local school board does not also have the authority to remove its superintendent, and I see no necessity, under the facts of this case, to pass on the validity of that statute. Suffice it to say, that the authority to remove a superintendent of schools, in my judgment, constitutes an "indispensable and essential function" of a school board in its exercise of the power of supervision granted to it by Section 7 of the Constitution. Indeed, the right and power to remove, as well as to hire, its superintendent, is one of the more essential powers a school board exercises. It is he who carries out school board policies and who tends to the operation of the school system on a day-to-day basis. There can be no removal of a superintendent by a school board, however, unless and until he has been afforded a due process hearing after reasonable notice to him of the time and place of the hearing and the specific grounds relied upon for his removal.