## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

J.B.G.

September 9, 1992

Case No. CJ 92–06

BY JUDGE THOMAS D. HORNE

This case came before the Court upon an appeal pursuant to § 16.1–278, Code of Virginia. The School Board of Loudoun County seeks review of the Memorandum Opinion and Order of the Juvenile and Domestic Relations Court dated April 30, 1992. Central to a consideration of the instant appeal is the Order of the lower Court directing the creation of an alternative education plan for a child suspended from attendance in the public schools. Pursuant to statute, this Court has previously stayed the execution of the Order of the Juvenile Court pending the outcome of the present appeal. When this case came to be heard, the Court granted the motion of counsel for J.B.G. to withdraw, it having been represented that she had been accepted into the school system for the 1992–1993 school year. However, the Court proceeded to hear the School Board on its separate appeal pursuant to §16.1–278.

On February 24, 1992, J.B.G. entered a plea of guilty to a misdemeanor charge of assault and battery. The charge arose from an incident involving another juvenile on November 15, 1992.

A review of the stipulation reveals that on November 15, 1991, Paul Tobler, Jr., Assistant Principal of the Douglass School, suspended J.B.G. as a result of her assaultive behavior while she and another student were alighting the steps of a school bus. Laurraine Landolt, Principal of Douglass School, recommended to Dr. Edgar B. Hatrick, Division Superintendent, on November 20, 1991, that J.B.G. be suspended for the remainder of the 1991–92 school year as

a result of her behavior during the school year. By a letter dated November 26, 1991, pursuant to School Board policy, Dr. Hatrick notified the juvenile's mother, Ms. J., of his intent to suspend J.B.G. from attending Loudoun County Public Schools for the remainder of the 1991–92 school year and of her right to contest the intended suspension. No response was forthcoming to the Superintendent's office, and J.B.G. was suspended.

On March 17, 1992, the Judge of the Juvenile and Domestic Relations Court of Loudoun County entered an Order, as part of the adjudicatory process surrounding the assault and battery charge, which directed the School Board of Loudoun County to develop an alternative school plan for J.B.G. pursuant to § 22.1–277.1 and § 22.1–279.2. In a Memorandum Opinion dated April 30, 1992, the Juvenile Court acknowledged that § 22.1–277.1 grants authority to the School Board to determine whether a student convicted of a possible violent crime should attend an alternative education program. The Juvenile Court also noted that § 22.1–279.2 (providing for establishment of "At Risk" programs) did not become effective until July 1, 1992. In its Memorandum Opinion, the Juvenile Court based its authority to order the development of a plan by the School Board on § 22.1–257(C), and the legislative intent expressed in § 16.1–227, § 16.1–278 and § 16.1–278.8.

The Court agrees with counsel for the School Board that the provisions of § 22.1–257(C) do not give the Juvenile Court authority to order the School Board to develop an alternative school plan for a juvenile offender but instead to give the Juvenile and Domestic Relations Courts authority to require a student charged with a crime to attend an alternative education program, where such a program exists. It is the power of the Court over the youthful offender and not over the Board which gives the Court jurisdiction to order a pupil to attend existing alternative education programs. It is not to be assumed that the legislature intended that Juvenile and Domestic Relations Courts would usurp the Constitutional prerogative of School Boards to supervise schools.

The Juvenile Court's reliance on §§ 16.1–278 and 16.1–278.8 for its authority over the School Board is misplaced. These Code Sections merely restate the authority the Court has over juvenile offenders. Nowhere in Chapter 11 of the Code is there any implication that the Legislature intended to give the Juvenile and Domestic Relations Court the same authority over the School Board. To do so

would violate the provisions of Article VIII, Section 7, of the Virginia Constitution, wherein the supervision of schools is vested in local school boards. *See e.g. DeFebio v. County School Board of Fairfax County, et al.*, 199 Va. 511, 10 S.E.2d 760 (1957); *Harrison v. Day*, 200 Va. 439, 106 S.E.2d 636 (1959).

The Order shall provide that the prior Order of the Juvenile and Domestic Relations Court be voided and that this case be removed from the docket.