212 Va. 689 (1972)
ROBERT D. STEWART, ET AL.
v.
DOUGLAS B. FUGATE, STATE HIGHWAY COMMISSIONER OF VIRGINIA. OF VIRGINIA.
Record Nos. 7657 and 7658.
Supreme Court of Virginia.
March 6, 1972.
J. E. Betts (J. L. Fray; A. C. Epps; Fray & Hudson; Christian, Barton, Parker, Epps & Brent, on brief), for appellants in Record Nos. 7657 and 7658.
Stuart H. Dunn, Assistant Attorney General (Andrew P. Miller, Attorney General; W. D. Reams, Jr., on brief), for appellee in Record Nos. 7657 and 7658.
Present, All the Justices.
1. Highway Commissioner is authorized to acquire land for service roads parallel to limited access highways.
2. Commissioner cannot take land of one property owner for sole purpose of constructing a road for private use of another. Test is how many have free and unrestricted use and whether road is free and common to all citizens. Service road auxiliary to limited access highway is a public road although one landowner will receive greater benefit than another.
3. Where public purpose is established, necessity or expedience of road are legislative questions which have been delegated to Highway Commissioner who may exercise wide discretion. Hearing is not essential to due process.
Error to a judgment of the Circuit Court of Culpeper County. Hon. Harold H. Purcell, judge presiding.
I'ANSON
I'ANSON, J., delivered the opinion of the court.
In April 1969 the State Highway Commissioner instituted two condemnation proceedings in the court below to take 4.25 acres of the lands of Carlton D. Stewart and wife and 1.83 acres of the lands of Robert D. Stewart and wife, for construction of a limited access highway commonly known as the Culpeper by-pass, and a service road running along the highway.
Subsequently, the Stewarts filed separate bills of complaint against the Commissioner, alleging that the taking of a portion of their lands to construct the "service road" would not be "for a public necessity * * * or for public purposes" in that it would provide a private road to highway Routes 522 and 3 for the lands of P. M. Browning; and that since Browning's lands abut on highway Routes 522 and 3 he has a "proper and reasonable outlet." They prayed that the Commissioner be enjoined from taking a part of their lands for the construction of the service road.
The Commissioner filed answers and demurrers to the bills of complaint and the trial court, after the submission of authorities and hearing argument of counsel, sustained the demurrers and dismissed the bills.
The record shows that, due to the construction of the limited access highway, Browning lost the use of a private road which was the only road providing access from highway Routes 522 and 3 to his property. A part of Browning's lands abut on Routes 522 and 3 and his lands are not landlocked. An illustrative map showing the properties involved, not drawn to scale, is inserted in this opinion.
The question presented is whether the trial court erred in sustaining the demurrers because the bills of complaint did not set out sufficient facts to maintain the actions for injunctive relief.
 It is unfortunate, but unavoidable, in the construction of limited access highways, that abutting landowners are deprived of their right of egress and ingress. But the State Highway Commission is authorized by statute to construct service roads to replace the access roads taken for the construction of such highways. Code | 33-41 (now | 33.1-61) [1] provides:
Graphic Omitted
{"The Commission may construct service roads parallel to a limited access highway in order to provide access at designated points for property owners abutting on the limited access highway and after the construction of such service roads shall maintain and regulate traffic over them."
 Moreover, the power of eminent domain for highway purposes is vested in the State Highway Commissioner. Code | 33-57, as amended, now | 33.1-89. It is elementary, however, that the Commissioner can condemn property only for a public purpose and that he cannot ordinarily take the land of one property owner for the sole purpose of constructing a road for the private use of another. See Foster Board of Supervisors, 205 Va. 686, 688-89, 139 S.E.2d 65, 67 (1964). [2]
The test to be applied in this case is well settled. Whether a road sought to be constructed is a public road or one merely for the benefit of a private individual is not rested by the fact that such an individual will receive a greater benefit than the public generally. The test is not the length of the road, or how many actually use it, but how many have the free and unrestricted right in common to use it. It is a public road if it is free in common to all citizens. Heninger Peery, 102 Va. 896, 899, 47 S.E. 1013, 1014 (1904).
Applying this test, we can only conclude that the service road to be constructed is for a public purpose. The service road will be a public road, open for use by the public.
 The Stewarts are in effect attacking the Commission's determination that the service road is necessary. They argue that the service road is not even necessary for Browning since he is not landlocked, much less necessary for use by the public.
Whether a taking for a road is for a public purpose is a judicial question, reviewable by the courts. But where, as here, the public purpose is established, the necessity or expediency of a road is a legislative question which has been delegated to the State Highway Commission. The public official or body charged with the duty of determining the location of a public road ordinarily may exercise a large discretion, and a hearing thereon is not essential to due process under the Federal and State Constitutions. Bragg Weaver, 251 U.S. 57, 58, 40 S.Ct. 62, 63, 64 L.Ed. 135 (1919); Prichard State Highway Com'r, 167 Va. 219, 221-22, 188 S.E. 166, 167-68 (1936); State Highway Com. Kreger, 128 Va. 203, 227, 105 S.E. 217, 225 (1920). This discretion is reviewable by the courts only if it is arbitrarily or capriciously exercised or where there is manifest fraud. Virginia Electric, Etc., Co. Webb, 196 Va. 555, 563-64, 84 S.E.2d 735, 740 (1954); Zircle Southern R. Co., 102 Va. 17, 20, 45 S.E. 802, 804 (1903).
Since the Stewarts did not allege in their bills of complaint that the Commission arbitrarily or capriciously or fraudulently exercised its discretion to construct the service road, the trial court properly sustained the demurrers.
The judgments are therefore
Affirmed.
NOTES
[1] This section also contains the language in former Code | 33-39.1 providing that the construction of a service road which is to serve properties isolated by construction of Interstate System of Highways shall meet certain standards. The language "limited access highway" was substituted for "Interstate System of Highways." Acts of 1970, ch. 322. *691 
[2] For the principle that under certain extraordinary circumstances land can be taken from one owner to provide a private right of way for another owner, see Tiller Norfolk and Western Ry., 201 Va. 222, 226, 110 S.E.2d 209, 213 (1959). *692