## CIRCUIT COURT OF FAIRFAX COUNTY

Henry J. Rolfs and Zoe D. Rolfs

v.

John E. Harwood,
State Highway Commissioner

October 12, 1977

Case No. (Chancery) 52252

By JUDGE THOMAS J. MIDDLETON

As indicated previously by telephone conversation, it is the opinion of the Court that the decision of the Commissioner of the Department of Highways and Transportation to dispose of storm drainage over and across the property of Henry J. Rolfs and Zoe D. Rolfs is not arbitrary and capricious; is not for the benefit of private interests rather than public interests; does not constitute a clear abuse of power and is a lawful exercise of the power of eminent domain.

Section 33.1-89 of the Code of Virginia vests the State Highway and Transportation Commissioner with the power to acquire by. . . power of eminent domain such lands. . . easements and other interests in lands. . . deemed to be necessary for the construction, reconstruction, alteration, maintenance and repair of the public highways of the State and for these purposes and all other purposes incidental thereto.

The necessity of building a particular road is a legislative question delegated to the Highway Commissioner and only if his decision is arbitrary or capricious can the courts review it. *Stewart v. Fugate*, 212 Va. 689 (1972).

The following standard has been adopted by the Virginia Supreme Court:

Action is not arbitrary or capricious when exercised honestly and upon due consideration, where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached. *VEPCO* v. *Webb*, 196 Va. 555, 564 (1954) quoting *Sweitzer v. Industrial Insurance Commission*, 116 Wash. 398, 401, 199 P. 724 (1921), *accord Kricorian v. C & P Tel. Co.*, 217 Va. 284 (1976).

It appears from the evidence that the decision required to be made by the Highway Department was whether Outfall # 1 or Outfall # 2 should be included in the plan for widening of Hunter Mill Road. There is no evidence of collusion, conspiracy or improper conduct by officials of the State Highway Department. Indeed, after conferring with all parties and making known to them the available alternatives and the costs appurtenant to each, the officials of the Highway Department finally decided to utilize Outfall # 1. This decision was in conformity with the original plan of the Highway Department as indicated in the second paragraph of Plaintiffs' Exhibit # 11.

As late as August 31, 1972, (Plaintiffs' Exhibit # 13) the Department of Highways indicated it did not have any preference with respect to the method used.

Oakton Limited Partnership and the Country of Fairfax, Virginia, entered into an agreement dated September 15, 1972, whereby the Country agreed to designate alternate # 1 as the approved Outfall course.

The State Highway Department was willing to accept this designation and accordingly designated Outfall # 1. It appears to the Court that the decision of the State Highway Department was exercised honestly and upon due consideration. Therefore, the decision of the State Highway Department was not arbitrary and capricious.

A limitation upon the power of eminent domain is that the land taken must be used for public welfare. In *Dismal Swamp R. Co.* v. *Roper*, 114 Va. 537 (1913), the Virginia Supreme Court stated:

the character of the use, whether public or private, is determined by the extent of the right by the public to its use, and not by the extent to which that right is, or may be

exercised. If it is a public way in fact, it is not material that but few persons will enjoy it. . . at 546 quoting *Ulmers v. Lime Rock Co.*, 98 Maine 579, 57 A. 1001 (1904).

The fact that an individual receives greater benefit than the public does not change the nature of the use. The free and unrestricted common right of the land is determinative. *Stewart v. Fugate*, 212 Va. 689 (1972).

In this case the State Highway Department had determined that Outfall # 1 or Outfall # 2 must be used to dispose of storm drainage water. It appears from the evidence that Outfall # 2 was acceptable providing sufficient cost arrangements could be completed. The State Highway Department appears to have made an honest effort to resolve a drainage problem and to dispose of storm water which must be considered in connection with the widening of the road. The public welfare is involved and this decision, although it affects ownership of private property, does not negate a public benefit.

The taking of the Petitioners' land pursuant to the provisions of Sections 33.1-119 and 33.1-122 of the Code of Virginia without any prior judicial determination of the defendants' right thereof is not a deprivation of property without due process of law in violation of Article I, Section 2, of the Constitution of Virginia and the Fourteenth Amendment of the Constitution of the United States of America.

The United States Supreme Court has ruled that as long as the owner of property has an opportunity to a hearing as to the value of land and a process of appeal eminent domain proceedings, that due process rights are not violated. *Bailey v. Anderson*, 326 U.S. 203 (1945) (an appeal from the Virginia Supreme Court).

The line of cases cited by petitioner Rolfs, *Shiadach v. Family Finance Corp.*, 395 U.S. 337 (1969), *Fuentes v. Shevin*, 407 U.S. 67 (1972), *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975), deal with pre-judgment replevin, a subject different from the sovereign powers of eminent domain. More specifically, in *Mitchell, supra*, the Court states that a pre-judgment

hearing is not a vital part of a replevin statute, as long as a prompt post-judgement hearing is provided. "Where only property rights are involved, mere postponement of judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate." *Id.* at 611.

In eminent domain proceedings, under Sec. 33.1-122, although title passes upon recordation, it is defeasible until compensation is agreed upon by the commissioner and the owner. Thus, a hearing is provided for the parties.