## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

State Highway Commissioner

v.

Judith I. Forrest

(Route 95, Project # 0095-088-109,
RW-202, Parcel 029)

November 3, 1983

By JUDGE JOHN A. JAMISON

I have for decision the question of whether or not the Commissioner of the Virginia Department of Highways can now, by petition filed herein on September 12, 1983, have the Court amend the original certificate filed on May 28, 1981. The effect would be that the Commissioner would take considerably less land than that originally sought to be condemned and to demand a refund of a substantial portion of the amount deposited with the filing of the original certificate. I have given this matter careful attention and originally had some difficulty with the question.

The case of *State Highway and Transportation Commissioner* v. *Virginia S. Herndon, et al.*, 225 Va. 380 (1983), was filed with Mr. Ashby's letter of September 27, 1983. The thrust of this holding is that a trial court errs in not giving the very broadest interpretation to Code Section 33.1-125 to permit practically any amendment of the certificate unless it is either shown that the Commissioner has arbitrarily or capriciously exercised his amendment privilege, or where there is manifest fraud. Clearly, one or the other of these conditions must exist before the Court may refuse to allow an amendment. In *Herndon*, the Commissioner sought to amend a certificate which had been on file for twelve years. The

trial judge, for reasons stated in his opinion, declined to permit the amendment. The Supreme Court reversed and made clear that Section 33.1-125 was its authority therefor. At page 343, the Court said:

> A determination by the State Highway and Transportation Commission as to the location of, and the necessity for, a road is the exercise of a legislative power which has been delegated to the Commission. Its discretion in exercising this power is reviewable by the courts only if it is manifest fraud. *Stewart* v. *Highway Commissioner*, 212 Va. 689, 187 S.E.2d 156 (1972). If the original determination by the Commissioner, in designing the road and recording a certificate, is a legislative act, it follows that an amendment therefor to correct errors is of like character. This argument is strengthened by the express provision, in the last sentence of § 33.1-125, that any person damaged by an error in a certificate, or by its invalidation, might show such damage in a "proper proceeding". . .
>
> We agree that the Commissioner's right to reform, alter, revise, amend, or invalidate a certificate of deposit under Code § 33.1-125 is subject to judicial discretion only if arbitrary or capricious action, or manifest fraud, is found to exist. The landowners made no such showing in this case. The Commissioner's petition to amend the certificate should therefore have been granted as a matter of right.

There is no indication in the petition here that the Commissioner has acted arbitrarily, capriciously or in a manifestly fraudulent manner.

I discussed the *Herndon* case by telephone with Judge Thomas Warren, the trial judge, and had the benefit of his background knowledge in the case and his own reasoning leading to his erroneous ruling. He is now of the opinion, and I certainly concur as a result of my own study of the cases and statutes cited, that amendments shall be practically unrestricted except for arbitrariness or fraud.

The key to the whole present question is found in

the last sentence of the first paragraph of Section 33.1-122, revised in 1970, after *Dalis, infra,* in that:

> The title in the Commonwealth *shall be defeasible until the reaching of an agreement between the Commissioner and such owner,* as provided in Section 33.1-129, *or the compensation determined by condemnation proceedings as hereinafter provided.* (italics supplied)

Mr. Jarrell's position at argument of the case was that amendments are to be permitted at any time before *an order has been entered disbursing all or any part of the funds deposited by virtue of the certificate,* citing *Insurance Company* v. *Dalis,* 206 Va. 71 (1965). Indeed that *was* the law at the time of *Dalis* and would be the law of this case except for the fact that the language underlined above appears pointedly to have been eliminated, apparently by the Legislative session of 1970 from the present Section 33.1-125, formerly Section 33-703.7. Accordingly the title is in fact still defeasible in this case because the owners and the Commissioner have not reached an agreement nor has proper compensation been determined by condemnation proceedings.

A reading of Section 33.1-128 makes it clear that the Legislature had no compunctions in allowing the Commissioner to recover excess amounts if the landowner is overpaid. Of course, that section applies specifically to situations to which an award is less than the amount of the certificate. However, the principle is exactly the same in the instant case. It may be consoling to the petitioners here that in *Herndon* quoted above, it was pointed out that "any person damaged by an error in a certificate, or by its invalidation, might show such damage in a 'proper proceeding'."

This suit should not be non-suited but a petition to amend the original petition should be filed, which I must hold to be permissible under the foregoing reasoning.