## CIRCUIT COURT OF LOUDOUN COUNTY

In re Request of Ruth M. Lunn

July 5, 1989

Case No. (Law) 10450

By JUDGE THOMAS D. HORNE

This case came before the Court on July 3, 1989, upon the request of Ruth M. Lunn. Ms. Lunn is a landowner whose property is the subject of a resolution adopted by the Board of Supervisors on January 3, 1989. That resolution, enacted pursuant to the provisions of § 15.1-238, Code of Virginia, provides for the acquisition through the exercise of the power of eminent domain of approximately seven and a half acres of land. The stated purpose for such acquisition is the construction of "a grade-separated highway interchange and facilities relating thereto at the intersection of State Route 7 and the proposed Potomac Lakes Parkway . . . ." The Board found it necessary for the County to enter and take possession of the property before either an agreement could be reached with Ms. Lunn or an award of compensation determined. Notice was sent by registered mail as required by statute on January 5, 1989. On April 7, 1989, this Court entered an order directing the Clerk to accept the sum of $2,173,893.00 representing the County's estimate of the fair value of the land taken and damage done.

The Court finds that the County has complied with the procedural steps necessary to a right of entry prior to the initiation of condemnation proceedings. However, Ms. Lunn did not file her instant "Request for Determination" until June 23, 1989. Accordingly, any relief afforded her pursuant to the provisions of § 15.1-238(d) is time barred.

The fact that Ms. Lunn is now precluded from contesting the necessity of an early entry within the context of Section 15.1-238 does not, however, bar her from raising any constitutional or jurisdictional issues regarding the validity of the exercise of the power of eminent domain in the condemnation action or through collateral proceedings. *Stewart v. Highway Commissioners*, 212 Va. 689 (1972); *Phillips v. Foster*, 215 Va. 543 (1975). Accordingly, the Court will deny the instant "Request for Determination" filed pursuant to § 15.1-238, by reason that such relief is time barred. However, this is without prejudice to the landowner to raise any jurisdictional and constitutional issues relating to the validity of the exercise of the power of eminent domain in other proceedings.